UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
BUILDING SERVICE 32BJ PENSION FUND,

                    Plaintiff,

      -against-

1068 Winthrop Owner, LLC, 1236 Pacific Realty Owner LLC,
1311 Lincoln Owner LLC, 2525 Realty Owner LLC,
264 Realty Owner LLC, 3420 Newkirk Owner LLC,
363 Beverly Owner LLC, 51 Lott Owner LLC,
869 Boyland Owner LLC, 913 Boyland Owner LLC,
DMG 530 Owner LLC, DMG Linden Owner LLC,
Wyona Realty Owner LLC, East 94th Realty Owner LLC,
Glenn Realty Owner LLC, Kings Portfolio LLC,
Lott Realty Owner LLC, and ABC COMPANIES 1-10
(all other trades or businesses under common control with
1068 Winthrop Owner, LLC, 1236 Pacific Realty Owner LLC,
1311 Lincoln Owner LLC,2525 Realty Owner LLC,
264 Realty Owner LLC, 3420 Newkirk Owner LLC,
363 Beverly Owner LLC, 51 Lott Owner LLC,
869 Boyland Owner LLC, 913 Boyland Owner LLC,
DMG 530 Owner LLC, DMG Linden Owner LLC,
Wyona Realty Owner LLC, East 94th Realty Owner LLC,
Glenn Realty Owner LLC, Kings Portfolio LLC,
Lott Realty Owner LLC), 3502 Kings Highway Co LLC,
3900 Kings Highway Co LLC, and David Malek
and Peter Rebenwurzel,

                    Defendants.

--------------------------------------------------------------------------------X

        **COMPLAINT**

      Building Service 32BJ Pension Fund ("Fund"), by its attorneys, Raab, Sturm & Ganchrow, LLP.,

and for its complaint against 1068 Winthrop Owner, LLC ("1068 Winthrop"), 1236 Pacific Realty Owner

LLC ("1236 Pacific"), 1311 Lincoln Owner LLC ("1311 Lincoln"), 2525 Realty Owner LLC ("2525

Realty"), 264 Realty Owner LLC ("264 Realty"), 3420 Newkirk Owner LLC ("3420 Newkirk"), 363 Beverly

Owner LLC ("363 Beverly"), 51 Lott Owner LLC ("51 Lott"), 869 Boyland Owner LLC ("869 Boyland"),

913 Boyland Owner LLC ("913 Boyland"), DMG 530 Owner LLC (DMG 530"), DMG Linden Owner LLC

("DMG Linden"),Wyona Realty Owner LLC ("Wyona"), East 94th Realty Owner LLC ("East 94th"), Glenn

Realty Owner LLC ("Glenn"), Kings Portfolio LLC ("Kings"), Lott Realty Owner LLC ("Lott") (the afore

described defendants sometimes referred to herein as the "Partner Defendants"), ABC COMPANIES 1-10 (all other trades or businesses under common control with 1068 Winthrop Owner, LLC, 1236 Pacific Realty Owner LLC,1311 Lincoln Owner LLC,2525 Realty Owner LLC, 264 Realty Owner LLC, 3420 Newkirk Owner LLC, 363 Beverly Owner LLC, 51 Lott Owner LLC, 869 Boyland Owner LLC, 913 Boyland Owner LLC, DMG 530 Owner LLC, DMG Linden Owner LLC, Wyona Realty Owner LLC, East 94th Realty Owner LLC, Glenn Realty Owner LLC, Kings Portfolio LLC,  Lott Realty Owner LLC ("ABC Companies"), and 3502 Kings Highway Co LLC ("3502 Kings"), 3900 Kings Highway Co LLC ("3900 Kings") (said two defendants sometimes referred to herein as the "Successor Defendants"), and David Malek ("Malek") and Peter Rebenwurzel ("Rebenwurzel") (all, together "Defendants" and each a "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.      This is an action commenced by the Fund to recover unpaid withdrawal liability, liquidated damages, interest, attorneys' fees, and costs within the meaning of Title VII of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), Section 4001 *et seq*., 29 U.S.C. §1301 *et seq*., and particularly 29 U.S.C. 1381.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to Sections 502(a)(3), (e)(1) and  (f), 4301 (c) and 4221 (b)(1) of  ERISA, 29 U.S.C. §§1132(a)(3), (e)(1) and (f), 29 U.S.C. §1451(c), and 29 U.S.C. §1401(b)(1).  The Court also has jurisdiction over the Fund's State Law claims pursuant to 28 U.S.C. § 1332.

3.      Venue is proper in this Court pursuant to Sections 502(e)(2) and 4301(d) of  ERISA, 29 U.S.C. §§1132(e)(2) and 1451(d) in that the Fund maintains is principal office and place of business within the Southern District of the District of New York.  Service of process may be made on Defendants in any other district in which they may be found, pursuant to Section 502 (e)(2) of ERISA (29 U.S.C. § 1132 (e)(2).

## PARTIES

4.      The Fund is a Taft-Hartley trust fund with trustees equally represented by the Service Employees International Union, Local 32BJ (the "Union") and employers that contribute to the Fund. The Fund is established and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §186(c)(5).

5.      A.      The Board of Trustees of the Fund is the plan sponsor of the plan ("Plan"), an employee pension benefit plan within the meaning of Section 3(2) and (3) of ERISA, 29 U.S.C. §§1002 (2) and  (3), and a defined benefit plan within the meaning of Section 3(35) of ERISA, 29 U.S.C. §1002(35), established and maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries.

5.      B.      The Plan is a  multi-employer  plan within the meaning of Sections 3(37) of ERISA, 29 U.S.C. §§1002(37), and is authorized to commence this action under Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

6.      The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185), which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 25 West 18th Street, in the City, County, and State of New York.

7.      A.      Upon information and belief, 1068 Winthrop, was a limited liability company, established and maintained in accordance with the laws of the Sate of New York, with its principal place of business located at 1499 Coney Island Avenue, County of Kings, State and City of New York, 11230 and at material times herein was a shareholder or member of a limited liability company, or a partner in the ownership of buildings located at 3502 Kings Highway, 1491 Coney Island Avenue and 2900 Kings Highway in the County of Kings, City and State of New York (collectively referred to as the "Buildings").

7.      B.      On or about June 11, 2018, 1068 Winthrop filed a certificate of dissolution with the offices of the New York State Department of State.

8.      A.      Upon information and belief, 1236 Pacific, was a limited liability company, established

and maintained in accordance with the laws of the Sate of New York, with its principal place of business located at 1499 Coney Island Avenue, County of Kings, State and City of New York, 11230 and at material times herein was a shareholder or member of a limited liability company, or a partner in the ownership of the Buildings.

8.      B.      On or about June 11, 2018, 1236 Pacific filed a certificate of dissolution with the offices of the New York State Department of State.

9.      A.   Upon information and belief, 1311 Lincoln, was a limited liability company, established and maintained in accordance with the laws of the Sate of New York, with its principal place of business located at 1499 Coney Island Avenue, County of Kings, State and City of New York 11230, and at material times herein was a shareholder or member of a limited liability company, or a partner in the ownership of the Buildings.

9.      B.      On or about June 11, 2018, 1311 Lincoln filed a certificate of dissolution with the offices of the New York State Department of State.

10.      A.   Upon information and belief, 2525 Realty, was a limited liability company, established and maintained in accordance with the laws of the Sate of New York, with its principal place of business located at 1499 Coney Island Avenue, County of Kings, State and City of New York, 11230 and at material times herein was a shareholder or member of a limited liability company, or a partner in the ownership of the Buildings.

10.      B.      On or about May 26, 2018, 2525 Realty filed a certificate of dissolution with the offices of the New York State Department of State.

11.      A.   Upon information and belief, 264 Realty, was a limited liability company, established and maintained in accordance with the laws of the Sate of New York, with its principal place of business located at 1499 Coney Island Avenue, County of Kings, State and City of New York, 11230 and at material times herein was a shareholder or member of a limited liability company, or a partner in the ownership of the Buildings.

11.    B.    On or about June 13, 2018, 264 Realty filed a certificate of dissolution with the offices of the New York State Department of State.

12.    A.    Upon information and belief, 3420 Newkirk, was a limited liability company, established and maintained in accordance with the laws of the Sate of New York, with its principal place of business located at 1499 Coney Island Avenue, County of Kings, State and City of New York, 11230 and at material times herein was a shareholder or member of a limited liability company, or a partner in the ownership of the Buildings.

12.    B.    On or about June 11, 2018, 3420 Newkirk filed a certificate of dissolution with the offices of the New York State Department of State.

13.    A.    Upon information and belief, 363 Beverly, was a limited liability company, established and maintained in accordance with the laws of the Sate of New York, with its principal place of business located at 1499 Coney Island Avenue, County of Kings, State and City of New York, 11230 and at material times herein was a shareholder or member of a limited liability company, or a partner in the ownership of the Buildings.

13.    B.    On or about June 11, 2018, 363 Beverly filed a certificate of dissolution with the offices of the New York State Department of State.

14.    A.    Upon information and belief, 51 Lott, was a limited liability company, established and maintained in accordance with the laws of the Sate of New York, with its principal place of business located at 1499 Coney Island Avenue, County of Kings, State and City of New York, 11230 and at material times herein was a shareholder or member of a limited liability company, or a partner in the ownership of the Buildings.

14.    B.    On or about June 11, 2018, 51 Lott filed a certificate of dissolution with the offices of the New York State Department of State.

15.    A.    Upon information and belief, 869 Boyland, was a limited liability company, established and maintained in accordance with the laws of the Sate of New York, with its principal place of business

located at 1499 Coney Island Avenue, County of Kings, State and City of New York, 11230 and at material times herein was a shareholder or member of a limited liability company, or a partner in the ownership of the Buildings.

15.      B.      On or about June 11, 2018, 869 Boyland filed a certificate of dissolution with the offices of the New York State Department of State.

16.      A.   Upon information and belief, 913 Boyland, was a limited liability company, established and maintained in accordance with the laws of the Sate of New York, with its principal place of business located at 1499 Coney Island Avenue, County of Kings, State and City of New York, 11230 and at material times herein was a shareholder or member of a limited liability company, or a partner in the ownership of the Buildings.

16.      B.      On or about June 11, 2018, 913 Boyland filed a certificate of dissolution with the offices of the New York State Department of State.

17.      A.   Upon information and belief, DMG 530, was a limited liability company, established and maintained in accordance with the laws of the Sate of New York, with its principal place of business located at 1499 Coney Island Avenue, County of Kings, State and City of New York, 11230 and at material times herein was a shareholder or member of a limited liability company, or a partner in the ownership of the Buildings.

17.      B.      On or about May 22, 2018, DMG 530 filed a certificate of dissolution with the offices of the New York State Department of State.

18.      A.   Upon information and belief, DMG Linden, was a limited liability company, established and maintained in accordance with the laws of the Sate of New York, with its principal place of business located at 1499 Coney Island Avenue, County of Kings, State and City of New York, 11230 and at material times herein was a shareholder or member of a limited liability company, or a partner in the ownership of the Buildings.

18.      B.      On or about May 22, 2018, DMG linden filed a certificate of dissolution with the

offices of the New York State Department of State.

19.     A.     Upon information and belief, Wyona, was a limited liability company, established and maintained in accordance with the laws of the Sate of New York, with its principal place of business located at 1499 Coney Island Avenue, County of Kings, State and City of New York, 11230 and at material times herein was a shareholder or member of a limited liability company, or a partner in the ownership of the Buildings.

19.     B.     On or about June 13, 2018, Wyona filed a certificate of dissolution with the offices of the New York State Department of State.

20.     A.     Upon information and belief, East 94th, was a limited liability company, established and maintained in accordance with the laws of the Sate of New York, with its principal place of business located at 1499 Coney Island Avenue, County of Kings, State and City of New York, 11230 and at material times herein was a shareholder or member of a limited liability company, or a partner in the ownership of the Buildings.

20.     B.     On or about may 22, 2018, East 94th filed a certificate of dissolution with the offices of the New York State Department of State.

21.     A.     Upon information and belief, Glenn, was a limited liability company, established and maintained in accordance with the laws of the Sate of New York, with its principal place of business located at 1499 Coney Island Avenue, County of Kings, State and City of New York, 11230 and at material times herein was a shareholder or member of a limited liability company, or a partner in the ownership of the Buildings.

21.     B.     On or about June 11, 2018, Glenn filed a certificate of dissolution with the offices of the New York State Department of State.

22.     A.     Upon information and belief, Kings, was a limited liability company, established and maintained in accordance with the laws of the Sate of New York, with its principal place of business located at 1499 Coney Island Avenue, County of Kings, State and City of New York, 11230 and at material times

herein was a shareholder or member of a limited liability company, or a partner in the ownership of the Buildings.

22.    B.    On or about June 11, 2018, Kings filed a certificate of dissolution with the offices of the New York State Department of State.

23.    A.    Upon information and belief, Lott, was a limited liability company, established and maintained in accordance with the laws of the Sate of New York, with its principal place of business located at 1499 Coney Island Avenue, County of Kings, State and City of New York, 11230 and at material times herein was a shareholder or member of a limited liability company, or a partner in the ownership of the Buildings.

23.    B.    On or about June 11, 2018, Lott filed a certificate of dissolution with the offices of the New York State Department of State.

24.    Upon information and belief, 3900 Kings, is a limited liability company, established and maintained in accordance with the laws of the Sate of New York, with its principal place of business located at 1499 Coney Island Avenue, County of Kings, State and City of New York, 11230.

25.    Upon information and belief, 3502 Kings, is a limited liability company, established and maintained in accordance with the laws of the Sate of New York, with its principal place of business located at 1499 Coney Island Avenue, County of Kings, State and City of New York, 11230.

26.    At material times herein each of the Defendants, individually and collectively was or were each or jointly an employer within the meaning of Sections 3(5), (11), and (12) of ERISA, 29 U.S.C. §1002(5), (11), and  (12), and Section 301(a) of LMRA, 29 U.S.C. §185(a).

27.    A.    Upon information and belief, David Malek, with a business address located at 1499 Coney Island, New York, was at all times material herein the managing member or member-manager of the following defendants: DMG Linden, DMG 530, 2525 Realty, East 94th Realty, Wyona, and 1236 Pacific.

27.    B.    Upon information and belief, Peter Rebenwurzel, with a business address at 1499 Coney Island, new York, was at all times material herein the managing member or member-manager of the

following defendants: Lott, 51 Lott, Glenn, 264 realty, 1311 Lincoln, 363 Beverly, 869 Boyland, 913 Boyland, 1068 Winthrop, 3420 Newkirk, and Kings.

27.        C.     Upon information and belief, Malek and Rebenwurzel are each personally responsible for the withdrawal liability as will be described below, based upon, inter alia, their positions in the limited liability companies in which they served as member-managers and/or as managing members and as will be described below, as a consequence of their membership in each of the respective Partner Defendants, the limited liability company defendants, to the extent permitted by New York State law.

28.   Upon information and belief, the limited liability company defendants, i.e. Partner Defendants, were each a "trade or business under common control" with each other, pursuant to Section 4001 (b)(1) of ERISA, 29 U.S.C. §1301(b)(1), Section 414(c) of the Internal Revenue Code ("IRC") as amended, and regulations promulgated thereunder, and are therefore, jointly and severally liable for all withdrawal liability payments.

29.        Upon information and belief, Partner Defendants are each personally responsible for the withdrawal liability as will be described below, as a consequence of their being general partners or members in each respective limited liability company or to the extent permitted by law they are personally liable as a consequence of their status as limited partners or members.

30.        Upon information and belief, ABC Companies are each a "trade or business under common control" with Partner Defendants pursuant to Section 4001 (b)(1) of ERISA, 29 U.S.C. §1301(b)(1), Section 414(c) of the IRC as amended, and regulations promulgated thereunder, and are jointly and severally liable for all withdrawal liability payments, with Partner Defendants.

## FACTUAL BACKGROUND

### Partner Defendants' Complete Withdrawal From the Plan

31.        Until in or around in or around March 2018, Partner Defendants were obligated to contribute

to the Plan for each of their participating employees, who were employed in the Buildings, pursuant to a series of collective bargaining agreements between Partner Defendants and the Union.

32.     On or about March 26, 2018, each of the Partner Defendants permanently ceased to have an obligation to contribute to the Plan, as a consequence of the sale of the Buildings.  The permanent cessation of the obligation to contribute constituted a complete withdrawal from the Fund as defined by Section 4203(a)(1) of ERISA, 29 U.S.C. §1383(a)(1).

**Partner Defendants' Failure to Pay the Withdrawal Liability**

33.     By completely withdrawing from the Plan, Partner Defendants incurred withdrawal liability to the Fund pursuant to Section 4201 of ERISA, 29 U.S.C. §1381.

34.     By letter dated June 18, 2018, the Fund notified Defendants 3502 Kings and 3900 Kings of the complete withdrawal from the Plan, and that they owed the Fund withdrawal liability in the amount of $221,231.00, which could be paid in a lump sum or in one-hundred fifty-one monthly installments of $2,166.32 installments, and a final installment of $63.23, beginning no later than August 28, 2018.

35.     Defendants  failed to pay the withdrawal  liability installment payments as and when same came due.

36.     By letter dated September 21, 2018, to Defendants 3502 Kings' and 3900 King' last known addresses known to the Fund, the Fund notified Defendants of the default and that if the payment was not received for the delinquent monthly payments, the Fund would take all actions available to it under ERISA. The Fund never  received a payment from any of the Defendants.

37.     Pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5), and pursuant to the Fund's rules as promulgated, upon the default and failure to cure, and upon the dissolution of the Partner Defendants, the Fund has accelerated Defendants' withdrawal liability payment due to Defendants' collective default.

38.     To date, the Fund has not received any payment of the withdrawal liability amount from Defendants or any member of the Control Group.

**Partner Defendants' Failure to Provide Information to The Fund**

39.     On June 28, 2018, along with the Demand for Payment of Withdrawal Liability, the Fund sent Defendants 3502 Kings and 3900 Kings,  a Request for Information pursuant to Section 4219 of ERISA, 29 U.S.C. §1399(a).

40.     To date, Defendants have not provided any responses.

**Partner Defendants' Attempts to Avoid Payment of the Withdrawal Liability**

41.     The Fund repeats and realleges each of the allegations set forth above, as if set forth hereat.

42.     Partner Defendants were on notice of the obligations to make the monthly withdrawal liability payments.

43.     Upon information and belief, Partner Defendants,  knowing the obligations owed to the Funds, nonetheless took the profits earned from the sales of the Buildings, and distributed those profits to the members or partners of each of the Partner Defendants.

44.     Partner Defendants then sought to further avoid paying the withdrawal liability to the Fund by each Partner Defendant filing a certificate of dissolution with the New York State Secretary of State.

45.     As a consequence of the distribution of all the assets of each of the Partner Defendants, and the dissolution of the respective limited liability companies, the Partner Defendants have engaged in conduct intended to deprive the Fund of the sums to which it is entitled.

46.     Upon information and belief, on or about March 26, 2018, defendant 3502 Kings, purchased the buildings previously owned by Partner Defendants, which buildings are located at 3502 Kings Highway and 1491 Coney Island Avenue.

47.     Upon information and belief, on or about March 26, 2018, defendant 3900 Kings, purchased the building previously owned by Partner Defendants, which  building is located at 3900 Kings Highway.

48.     At the time of the purchases by 3502 Kings and 3900 Kings (herein jointly after referred to as "Successor Defendants"), Successor Defendants had notice of the withdrawal liability that would be assessed upon the sales of the Buildings.

49.     Given the dissolution of the Partner Defendants, there is a question as to whether the Fund will be able to secure payment of the withdrawal liability from the dissolved Partner Defendants or their respective members.

50.     Upon purchase of the Buildings, Successor Defendants continued to operate the Buildings as residential apartment buildings, having the same tenants, the same work force, the same supervisory or managerial personnel, performing the same jobs under substantially the same working conditions, using the same machinery or equipment and methods of operation as did the Partner Defendants, and Successor Defendants maintained a substantial continuity of the predecessors' business operations.

51.     As a consequence of the above, Successor Defendants are each liable for the withdrawal liability of its respective predecessor employer.

## FIRST CAUSE OF ACTION

52.     The Fund repeats each and every allegation set forth above, as if fully set forth hereat.

53.     The Fund is entitled to full payment of Partner Defendants' outstanding withdrawal liability in the amount of $221,231.00, pursuant to Section 4301 of ERISA, 29 U.S.C. §1451 and the Plan.

54.     The Fund is entitled to collect pre-judgment interest at the rate of 9% per annum on the outstanding withdrawal liability calculated from the acceleration date pursuant to Section 4219 of ERISA, 29 U.S.C. §1399(c)(6) and the Plan.

55.     The Fund is entitled to collect liquidated damages in the amount of 20% of the outstanding balance of the withdrawal liability, plus attorneys' fees and costs, pursuant to Sections 29 U.S.C. 1451 (b) and 29 U.S.C. §1132(g)(2) and the Plan.

## SECOND CAUSE OF ACTION

56.     The Fund repeats each and every allegation set forth above, as if fully set forth hereat.

57.     Pursuant to Section 4219 of ERISA, 29 U.S.C. §1399(a), the Fund is entitled to full

and complete responses from each of the Partner Defendants to the Fund's Request for Information concerning the entities under "common control" with Partner Defendants.

THIRD CAUSE OF ACTION

58.     The Fund repeats each and every allegation set forth above, as if fully set forth hereat.

59.     Upon information and belief, at all times material, Malek and Rebenwurzel were general partners or LLC member-managers of the respective Partner Defendant limited liability companies as described above in paragraph 27.  In the event the assets of the respective Partner Defendants have been distributed, as General Partner or LLC member-manager and pursuant to NY LLC Law Article 5, Malek and Rebenwurzel are personally liable, jointly and severally, with each other and with Partner Defendants, for the liabilities of Partner Defendants, including the unpaid withdrawal liability, interest, liquidated damages, costs and attorney's fees.

FOURTH CAUSE OF ACTION

60.     The Fund repeats each and every allegation set forth above, as if fully set forth hereat.

61.     Upon information and belief, as summarized above, each of the Partner Defendants was the subject of a dissolution.

62.     Upon information and belief, at the times of each of the respective dissolutions as described above, Malek and/or Rebenwurzel, and other members of the respective limited liability companies, received distributions from the sales of the Buildings.

63.     The distributions to Malek, Rebenwurzel and other members were made at a time, when the Partner Defendants were still liable to the Fund for the withdrawal liability which is the subject of this action.

64.     The distribution to the members of each of the limited liability company defendants, to wit, the Partner Defendants, was in violation of New York Limited Liability Company Law

Sections 508(a) and 704 (a).

65.     Upon information and belief, at the time of the distributions, Malek, Rebenwurzel and the other members of the Partner Defendants, knew of the withdrawal liability owed to the Fund.

66.     Based upon the above Malek, Rebenwurzel and the other members of the Partner Defendants are liable to the Fund to the extent of their respective distributions for the unpaid withdrawal liability, and the ERISA relief including, but not limited to, statutory and contractual pre-judgment interest at the rate of 9%, statutory and contractual liquidated damages of 20% of the unpaid principal, attorneys fees and costs of this action.

FIFTH CAUSE OF ACTION

67.     The Fund repeats each and every allegation set forth above, as if fully set forth hereat.

68.     Upon information and belief, each Partner Defendant, along with each ABC Company, is a trade or business under common control with each other Partner Defendant pursuant to Section 4001 (b)(1) of ERISA, 29 U.S.C. §1301(b)(1), Section 414(c) of the IRC as amended, and regulations promulgated thereunder, and are therefore, jointly and severally liable for all withdrawal liability payments, interest, liquidated damages, costs and attorney's fees.

69.     As a consequence of the above, each of the Partner Defendants and each ABC Company Defendants is jointly and severally, liable to the Fund for the withdrawal liability, statutory and contractual pre-judgment interest at the rate of 9%, statutory and contractual liquidated damages of 20% of the unpaid principal, attorneys fees and costs of this action.

SIXTH CAUSE OF ACTION

70.     The Fund repeats each and every allegation set forth above, as if fully set forth hereat.

71.   On or about a date presently unknown, Successor Defendants entered into contracts of sale with Partner Defendants, wherein, Partner Defendants, inter alia, agreed to sell the Buildings then owned by the respective Partner Defendants, to Successor Defendants.

72.   Upon information and belief, the respective contracts of sale to each of the Successor Defendants, included references to the collective bargaining agreements in effect with the Union.

73.   Upon information and belief, the respective contracts of sale required the Successor Defendants to assume the obligations of collective bargaining agreements between the Partner Defendants and the Union.

74.   Upon information and belief, the respective contracts of sale placed the Successor Defendants on notice of the existence of a withdrawal liability owed by the Partner Defendants.

75.   The claims by the Fund for payment of withdrawal liability are claims arising under the union contracts.

76.   Upon information and belief, at all times material herein, prior to the consummation of the sale of the properties owned by Partner Defendants to Successor Defendants, Successor Defendants had knowledge of Partner Defendants' obligations to the Fund and Successor Defendants were on actual, if not constructive, notice of the existence of the withdrawal liability.

77.   Following closure of the sale of the Buildings to Successor Defendants, there was no hiatus in operations and Successor Defendants retained all union represented personnel, continued to honor the union contracts, provided the same services as previously performed by Partner Defendants, to wit, operations of residential apartment housing, to the same tenants and under the same leases, using the same equipment and personnel.

78.     The Fund is a multi-employer fund that depends upon all contributing employers to pay their respective obligations and when one or more of the contributing employers fails to pay its obligations, the other contributing employers are compelled to make up the difference to ensure that the workers receive their designated benefits.

79.     Absent imposing successor liability upon Successor Defendants, and the possible inability to collect from Partner Defendants, whom, upon information and belief, which may have distributed the company assets beyond the reach of the Fund, present and future employer participants in the Fund will have to bear the burden of Partner Defendants' failures to pay they share and as such would be contrary to congressional pension policy.

80.     As a consequence of the above, Successor Defendants are the successors to Partner Defendants and, as such, are jointly and severally liable under E.R.I.S.A. for the withdrawal liability incurred by Partner Defendants in the amount of  $221,231.00, plus statutory and contractual pre-judgment interest at the rate of 9%, statutory and contractual liquidated damages of 20% of the unpaid principal, attorneys fees and costs of this action.

<u>**REQUEST FOR RELIEF**</u>

WHEREFORE, the Fund  respectfully requests the following judgment in favor of the Fund and against all Defendants:

1.      That Defendants be held jointly and severally liable for the outstanding withdrawal liability in the amount of $221,231.00.

2.      That Defendants be held jointly and severally liable for the full amount of the prejudgment interest attributable to the withdrawal liability;

3.      That Defendants be held jointly and severally liable for the liquidated damages attributable to the withdrawal liability computed at the rate of 20% of the outstanding withdrawal liability.

4.      That Defendants be held jointly and severally liable for the Fund's costs and expenses incurred in connection with this action, including its reasonable attorneys' fees;

5.      That Defendants be compelled to provide the Fund with full and complete responses to the Fund's request for information concerning commonly controlled businesses; and

6.      That the Fund shall have such other and further relief as the Court shall deem just and proper.

Dated: Fort Lee, New Jersey
      January 17, 2019

                          Raab, Sturm & Ganchrow, LLP

                          By: Ira A. Sturm
                          Attorneys for Plaintiff
                          2125 Center Avenue, Suite 100
                          Fort Lee, New Jersey 07024
                          201-292-0150
                          Fax: 201-292-0152
                          isturm@rsgllp.com